```
UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
--------------------------------------------------------x

IN RE:                                                  CHAPTER 13

KRISTINE GUARDINO,                                      CASE NO. 5:22-bk-01996-MJC

        Debtor
--------------------------------------------------------x
KRISTINE GUARDINO,
        Movant
v.

WALKER LAKE SHORES
LANDOWNERS ASSOCIATION,
        Respondent
--------------------------------------------------------x
```

### BRIEF IN SUPPORT OF MOTION TO AVOID LIENS ON REAL PROPERTY

To the Honorable Judge of the United States Bankruptcy Court for the Middle District of Pennsylvania.

QUESTION: Does an association's judicial action in a Pennsylvania Magisterial District Court against a homeowner constitute an action to enforce its statutory lien?

SUGGESTED ANSWER: No. Because the Plaintiff association failed to take an action in foreclosure under UPCA Section 5315 to enforce its statutory lien within three years of their due dates its statutory lien and super priority status were extinguished.

Facts: The plaintiff in this matter, Walker Lake Shores Landowners Association, filed all of its actions against the Debtor in the Magisterial Court 60-3-03 of Pike County. Its actions were based upon Debtor's failure to pay annual association dues upon breach of contract. Judgments were obtained and filed with the Pike County Prothonotary. No foreclosure actions were initiated.

Argument:

In re Makowa 754 F.3d 143 (3rd Circuit 2014) the Court held that actions in debt did not constitute enforcement of its ( home owners association's ) statutory lien. ( Page 7, Second

Paragraph.) The Court ruled that any debt due more than three years prior to the bankruptcy filing was no longer a statutory lien and subject to discharge.

The Court wrote:

"In response, the Association notes that subsection (a) provides that the lien " may... foreclose[ ] in a like manner as a mortgage on real estate," arguing that this permissive language gives it multiple methods of enforcement. But this case does not require us to determine whether foreclosure is the exclusive means to enforce the lien, as Makowka contends. Rather, we must decide only whether actions in debt are a valid way to enforce the statutory lien—and the language of Section 5315(f), which explicitly defines actions in debt as an alternative to the lien created by the statute, suggests not.

Nor are we persuaded that other provisions of the UPCA militate in favor of a broader reading of "proceedings to enforce." The Association contends that the term should be liberally construed to give effect to Section 5114 of the UPCA, which states: "[t]he remedies provided by [the UPCA] shall be liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed." 68 Pa. Cons.Stat. § 5114(a). But Section 5114 is inapplicable to the enforcement of the statutory lien, speaking only as it does to an association's remedies for payment. Indeed, a restrictive interpretation of Section 5315(a), which creates the lien and defines its enforcement, has no effect on the availability of other methods of recovery, which have been explicitly preserved by subsection (f). Of course, we acknowledge that our reading of "proceedings to enforce" effectively precludes the Association from payment in this case. But a claimant's inability to collect in the special context of bankruptcy, which sometimes involves the impairment of creditors' rights, does not permit us to adopt a tortured interpretation of the provision giving rise to those rights.

We therefore hold that Section 5315, as explained by the Commonwealth Court's careful analysis in Karr, supports Makowka's argument that the Association's actions in debt did not enforce its statutory lien."

In the case at bar, the association has lost the protection of the statutory lien and its

debt is wholly unsecured and subject to discharge.

                                                    Respectfully Submitted:

DATE: September 5, 2023        /s/ Vern S. Lazaroff, Esq.
Vern S. Lazaroff, Esq.
Attorney for Debtor
145 Pike Street, Suite 1, PO Box 1108
Port Jervis, NY 12771
Phone: 845-856-5335
office@vernlazaroff.com